UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CHRISTOPHER PAYTON MAY-SHAW,   )   CASE NO.  4:05 CV 2788
                               )
        Petitioner,            )   JUDGE JOHN R. ADAMS
                               )
    v.                         )
                               )   MEMORANDUM OF OPINION
                               )    AND ORDER
THOMAS R.  SNIEZEK,            )
                               )
        Respondent.            )

Pro se petitioner Christopher Payton May-Shaw filed the above-captioned petition to set aside an agency action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §701, et seq. He asserts this court's jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2241, as well as 28 U.S.C. § 1331 and 1346(a)(2). Mr. May-Shaw, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against F.C.I. Elkton Warden Thomas R. Sniezek. He maintains that respondent violated his constitutional rights during the disciplinary process at F.C.I. Elkton.

*Background*

An incident report was delivered to Mr. May-Shaw on May 31, 2005.  The report

disclosed that Senior Officer G. Ebert was searching petitioner's property on May 30, 2005 at 5:45 a.m. and found three small packages of a green leafy substance. The substance was later tested by Operations Lt. Fitzgerald and found to be marijuana. Mr. May-Shaw was charged with the possession of narcotics, or related paraphernalia, not prescribed by the medical staff (a Code 113 violation), and placed in administrative detention.

A Unit Disciplinary Hearing was held on June 2, 2005. Following the hearing, the matter was referred to the Disciplinary Hearing Officer (DHO), who found Mr. May-Shaw guilty on June 5, 2005 of the prohibited acts. The DHO imposed the following sanctions: 60 days of disciplinary segregation, loss of visiting privileges for 2 years, loss of 40 days good credit time, loss of commissary privileges for 2 years, loss of telephone privileges for 2 years and a disciplinary transfer.

Mr. May-Shaw filed a Regional Administrative Remedy Appeal challenging the DHO's decision. The Regional Director, D. Scott Dodrill, responded on July 14, 2005 denying the appeal. On appeal from the Regional Director's decision, the Administrator for National Inmate Appeals, Harrell Watts, reviewed petitioner's claims. Upon due consideration of the facts and relevant Bureau policy, Mr. Watts denied petitioner's appeal on November 4, 2005.

*Analysis*

In his petition before this court, Mr. May-Shaw asserts that the DHO's finding are unsupported. He was sleeping in his bunk on the morning of the incident when he was awakened by three officers. The officers told him to get dressed, which he did in their presence. He was then escorted to Lt. Fitzgerald's office where he was advised that he was being placed in the Special Housing Unit in Administrative Detention Status based on the suspicious contraband found in his

shoe. He stated that he had never seen any marijuana in his room and that he did not place it in his shoe. Moreover, he claimed that the "black shoes and cooler did not belong to him" (Pet. at 2.)

At the hearing before the DHO, Mr. May-Shaw declared that he had been subjected to 17 drug tests since October 24, 2004 and that all results came back negative. He believes this should have supported his claim that the drugs found in his cubicle did not belong to him. He added that the housing units at F.C.I. Elkton are in open bay cubes, which would allow anyone to enter his cubicle while he was sleeping and place the marijuana in his shoe.

Instead, the DHO determined that petitioner engaged in the prohibited acts based on the greater weight of evidence, which included:

    a.    Officer Ebert discovered three packets of a green substance hidden inside of petitioner's tennis shoes. Furthermore, all of petitioner's shoes had hidden compartments.

    b.    The green substance found in petitioner's shoe tested positive for marijuana.

    c.    In a correctional institution marijuana is a valuable and protected item, therefore it is unlikely that an inmate would use the amount of marijuana discovered in petitioner's shoe to set someone up.

Mr. May-Shaw asserts that no evidence was presented at the DHO that contradicted his testimony. He maintains that the DHO's basis for determining petitioner's culpability is conclusory and unsupported by the evidence. He now seeks to have the Incident Report expunged from his file, the restoration of 40 days good credit time and reinstatement of all of the privileges he lost for two years.

*Administrative Procedures Act*

Mr. May-Shaw seeks to set aside the Bureau of Prisons' decision pursuant to the APA. However, the APA does not provide a federal court with any independent basis for

jurisdiction. See Califano v. Sanders, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. See Dixie Fuel Co. v. Commissioner of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir.1999) (citing Califano, 430 U.S. at 107). Therefore, the court must examine the other basis upon which Mr. May-Shaw is seeking relief.

*Federal Habeas Corpus Petitions*
*28 U.S.C. § 2241*

It is clear Mr. May-Shaw is seeking to challenge the manner in which his current sentence is being executed. The Sixth Circuit has consistently held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Thus, petitioner has properly asserted his claims under § 2241 against the warden at F.C.I. Elkton.

A review of the attachments also reflect that Mr. May-Shaw has exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus). Thus, the court may now address whether he is entitled to the relief for which he has petitioned this court.

*Disciplinary Hearings*
*Right to Due Process*

The substance of Mr. May-Shaw's petition rests on his contention that the DHO's findings were "erroneous." The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact, and

4

the revocation of good time credits is not comparable to a criminal conviction. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Thus, neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 456 (1985). Therefore, insofar as Mr. May-Shaw contends that he should not have been charged with or sanctioned for possession of narcotics because he disagrees with the determination of the DHO, he has no claim.

When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-67. There is no allegation that Mr. May-Shaw was not afforded the hearing rights outlined above.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Superintendent, Mass. Corr. Inst., 472 U.S. at 455. As long as "there was some evidence from which the conclusion of the administrative tribunal could be deduced ... ," the requirements of due process are satisfied. United States v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The court is not permitted to re-weigh the evidence presented to the board. Superintendent, Mass. Corr. Inst., 472 U.S. at 455. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that

5

precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

The record reveals that Mr. May-Shaw received all due process protections required by Wolff.[1] The DHO concluded that the prohibited act of possession of any narcotic not prescribed by medical staff was committed based on the greater weight of the evidence. This included the incident report indicating that three bags of a green leafy substance were found in Mr. May-Shaw's tennis shoes. A memo and the explanation of the reporting officer stating that all of petitioner's "personal shoes had hidden compartments" were considered by the DHO. A photograph taken indicated three packets of a green leafy substance were discovered inside Mr. May-Shaw's shoes. A test of the substance using a NIK test Kit E resulted in a positive reading for marijuana. Further, the DHO believed it more likely that another form of contraband of lesser value would have been used if someone were setting up petitioner.

Even if Mr. May-Shaw does not agree with these findings, there is some evidence that narcotics were found in his tennis shoes. Because the DHO's decision is supported by "some evidence" in the record, Mr. May-Shaw's due process rights were not violated.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The

---

[1]

The Supreme Court later interpreted the provisions of Wolff, as follows:

> The written statement mandated by Wolff requires a disciplinary board to explain the evidence relied upon, recognizing that due process requires some evidentiary basis for a decision to revoke good time credits will not impose significant new burdens on proceedings within the prison. Nor does it imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review.

Superintendent v. Hill, 472 U.S. at 455.

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

  IT IS SO ORDERED.

                 S/John R. Adams March 6, 2006
                 JOHN R. ADAMS
                 UNITED STATES DISTRICT JUDGE